FILED
FEB - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREEMAH BELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.  07 0315 |
| ARLINGTON COUNTY POLICE DEPARTMENT, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The case will be transferred to the United States District Court for the Eastern District of Virginia for the following reasons.

Plaintiff, an African-American and a resident of the District of Columbia, alleges that she attempted to apply for employment at a Sun Glass Hut store in Arlington, Virginia. Plaintiff claims that the manager of the store was verbally abusive and called for security to remove her from the store. An officer of the Arlington County Police Department, in Arlington, Virginia threatened to follow plaintiff throughout the mall. She was given notice fobbing her to shop at the mall for one year. She alleges that the police officer's conduct was racially motivated harassment.

Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).   In this case, the defendant resides in Virginia and all of the alleged events in the complaint occurred in that state.

Therefore, venue is not proper in this district.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). In the interests of justice, it is

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia. Whether plaintiff should be permitted to proceed *in forma pauperis* is a matter to be addressed by the transferee court.

DATE: 

United States District Judge